The Honorable Randy Laverty State Senator Post Office Box 303 Jasper, AR 72641-0303
Dear Senator Laverty:
I am writing in response to your request for my opinion on the following question:
 Does the Administrative Board of the Carroll County Library Department have the authority to use maintenance and operation funds derived from the library millage to buy, build, add onto, or remodel any of the Carroll County public libraries?
RESPONSE
In my opinion, the answer to this question is "no." Although Ark. Const. amend. 38, as amended by Ark. Const. amend. 72, does authorize using a library millage for capital improvements and construction of the sort referenced in your question, it requires that the millage be expressly identified on the ballot as dedicated to that purpose. Amendment 38 contains a separate section authorizing the voters to approve a millage expressly identified on the ballot as dedicated to library maintenance and operation. I believe that the proceeds of a millage approved for maintenance and operation of a county library may not be diverted to fund capital improvements or construction of the sort described in your question. See Ark. Const. art. 16, § 11 (prohibiting the use of tax proceeds for any purpose other than that approved by the voters). However, if the voters approve, a millage dedicated to maintenance and operation might be recharacterized as dedicated to capital improvements and construction.
The voters adopted Ark. Const. amend. 38 in the general election of 1946.[1] As initially adopted, Amendment 38, § 1 authorized the voters to approve "an annual tax on real and personal property . . . for the purpose of maintaining a public county library or a county library service or system . . . not exceeding one mill on the dollar. . . ." In 1992, the voters approved Amendment 72, which amended Amendment 38 § 1 by raising the permissible rate of taxation from one mill to five mills and by providing that tax proceeds might be used for "maintaining and operating a public county library or a county library service or system. . . .".[2]
Amendment 72 further added a new § 5 to Amendment 38, subsection (a) of which provides in pertinent part:
 Whenever 100 or more taxpaying electors of any county shall file a petition in the County Court asking that an annual tax on real and personal property be levied for the purpose of capital improvements to or construction of a public county library or a county library service or system and shall specify a rate of taxation not to exceed three mills on the dollar, the question as to whether said tax shall be levied shall be submitted to the qualified electors of such county at a general or special election. . . .
Subsection (b) of § 5 authorized the issuance of bonds to finance the capital construction, secured by a pledge of the tax proceeds.[3]
In my opinion, nothing supports the conclusion that a county might use for capital improvements or construction the proceeds of the particular millage earmarked for maintenance and operations of a library or library system under Amendment 38 in both its original and its amended form. Indeed, the county's inability so to divert a millage dedicated for maintenance and operations is reflected in the fact that Amendment 38 as amended by Amendment 72 expressly differentiates between the two varieties of millage. With respect to a proposed millage to finance maintenance and operations, Amendment 38, § 1 requires that the ballot "be in substantially the following form":
 For a _____ mill tax on real and personal property to be used for maintenance and operation of a public county library or county library service or system.
 Against a _____ mill tax on real and personal property to be used for maintenance and operation of a public county library or county library service or system.
By contrast, with respect to a proposed millage to finance capital improvements or construction, Amendment 38, § 5 mandates that the ballot "be in substantially the following form":
 For a _____ mill tax on real and personal property to be used for capital improvements to or construction of a public county library or county library service or system.
 Against a _____ mill tax on real and personal property to be used for capital improvements to or construction of a public county library or county library service or system.[4]
In my opinion, under the circumstances you have described, given that the voters have expressly dedicated the proceeds of the millage to maintenance and operation of the library, expending these proceeds for capital improvements or construction would be a diversion of public revenues in derogation of Ark. Const. art. 16, § 11, which provides that "no moneys arising from a tax levied for one purpose shall be used for any other purpose." However, nothing would preclude the county from submitting to the voters a proposal that all or part of the millage be devoted to capital improvements or construction instead of maintenance and operation.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JD/cyh
[1] Both prior to and following the adoption of Amendment 38, counties were authorized to establish public libraries financed by such sources as public appropriations, gifts and bequests. See Acts 1927, No. 244, § 2, currently codified at A.C.A. § 13-2-404 (Repl. 1999).
[2] Subsection 13-2-404(a)(2) of the Code (Repl. 1999) closely tracks the constitutional language as amended:
 A county which supports a county public library or library system with a library tax under Arkansas Constitution, Amendment 38, shall by ordinance of the quorum court of the county levy a tax at a millage rate approved by the voters on all taxable property within the county to be used for the support, operation, and maintenance of the public library or public library system located in the county.
(Emphasis added.)
[3] With respect to the authorization to issue construction and capital improvement bonds, the emergency clause of the Local Government Library Bond Act (the "Act"), A.C.A. §§ 14-142-301 through -222 Repl. 1998), which implemented the provisions of Amendment 38, § 5, provides in pertinent part:
 It is hereby found and declared that by virtue of adoption of Arkansas Constitution, Amendment 72, that there are now no provisions for municipalities and counties to conduct elections or otherwise implement the provisions of said amendment and that municipalities and counties have an immediate and pressing need for borrowing funds through the issuance of bonds authorized by Amendment 30 and Amendment 38 as amended by Amendment 72, attributable in substantial part to the lack of authority prior to the adoption of Amendment 72, for the levy and pledge of ad valorem taxes sufficient to finance the construction of capital improvements to or for libraries in the State of Arkansas.
[4] Amendment 38, § 5 also mandates differently worded ballot language if the capital improvements or construction is to be financed through bonds.